McGINTY et al, Respondents, v. WEIR et al, Appellants.

(194 N. W. 1022.)

(File No. 5256.   Opinion filed September 25, 1923.)

**Vendor and Purchaser—Judgments—Foreclosure—Decree Absolutely Foreclosing Land Contract Without Giving Further Time for Compliance with Contract Held Not Compliance with Statute.**

Rev. Code 1919, Sec. 2914, relating to strict foreclosure of real estate contracts, and providing that the court shall by its decree fix the time within which the party must comply with the terms of the contract, which time shall not be less than ten days from the rendition of the decree, and, unless parties against whom such decree is rendered shall fully comply therewith, the decree shall become final and foreclose all the rights under the contract without further order of the court, is explicit as to the form of the decree, and was not complied with where the court made findings of fact and conclusions of law foreclosing the contract, and giving thirty days to make further tender, and, after default, entered judgment and decree foreclosing the contract without giving further time.

Appeal from Circuit Court, Hand County; Hon. JOHN F. HUGHES, Judge.

Action by J. B. McGinty and another against P. J. Weir and I. C. Gunsalus and others. From judgment for plaintiffs and an order denying new trial, the last named defendant appeals. Remanded with directions.

*S. V. Ghrist,* of Miller, and *Alexander & Alexander,* of Brookings, for Appellant.

*Harlan J. Bushfield,* of Miller, for Respondents.

GATES, J.   This is an action for strict foreclosure of a real estate contract pursuant to the provisions of sections 2914-2917, Rev. Code 1919.   The original plaintiffs have disappeared from the case, and the contest is between the defendants Weir and defendants Bushfield, assignees of the original contract, under their cross-complaint, and the defendant Gunsalus.   The trial court made findings of fact and conclusions of law for the strict foreclosure of the contract, giving the cross-complainants 30 days to make further tender, and providing that defendant should be in default if he failed to respond within 10 days after tender.   Defendant defaulted, and the trial court entered judgment, and decree absolutely foreclosing the contract without giving further time to defendant for compliance.   Defendant Gunsalus appeals from the judgment and an order denying new trial.

Section 2914, Rev. Code 1919, provides:

" * * *   And upon the trial thereof the court shall have power to and by its decree shall fix the time within which the party or parties in default must comply with the terms of such contract on his or their part, which time shall be not less than ten days from the rendition of such decree, and unless the parties against whom such decree is rendered shall fully comply therewith within the time specified, such decree shall be and become final without further order of the court, and all rights asserted under the contract sued on shall thereupon be forever barred and foreclosed."

This section is explicit as to the form of the judgment or decree and neither the trial court nor this court is at liberty to ignore it. The trial court did not "by its decree * * * fix the time within which the party * * * in default must comply with the terms of such contract." It fixed such time in its conclusions of law, but made the decree absolute.   For this error, the judgment must be remanded for modification.

We have considered the other errors assigned, and find them to be lacking in merit.

The cause is remanded to the trial court, with directions to modify the judgment by giving appellant at least 10 days after

the entry of judgment within which to comply with the terms of the contract. Respondents will recover costs upon this appeal; but, if appellant complies with the terms of said contract within the time prescribed by the trial court, the judgment for costs in this court may be held for naught.

Note.—Reported in 194 N. W. 1022. See, Headnote, American Key-Numbered Digest, Vendor and Purchaser, Key-No. 104, 39 Cyc. 1398 (1924 Anno.).